WENTWORTH, Judge.
Herron appeals his conviction and sentences for burglary and grand theft and urges error by violation of U.S. Constitution, Fourteenth Amendment, rights in denial of his motion to suppress statements by him after he requested an attorney.
Herron was arrested by an officer acting on radio dispatch information and description from another policeman who, in a pursuit following a burglary of a garage, observed the driver jump from the suspect vehicle just before it hit a house. The critical statement by Herron occurred after he was advised of his Miranda rights and had told the officer he wanted an attorney. At that point the arresting officer, while escorting Herron to the police car, said, “Don’t you know you could have hurt somebody jumping out like that,” and Herron then “said he wasn’t going fast enough to hurt nobody.” Shortly before that exchange, immediately after being told he was under arrest and before his request for counsel, Herron had stated he “ain’t stolen no car; he had borrowed a car.”
The controlling principles are those recently stated in the opinions in Edwards v. State of Arizona, - U.S. -, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); Brewer v. Williams, 430 U.S. 387, 51 L.Ed.2d 424, 97 S.Ct. 1232 (1977). We conclude that in the recited context of the present case the words of the officer following “Don’t you know ...” need not be regarded as interrogation or its functional equivalent. Although the opinion in Edwards clearly prohibits “authorities, at their instance, to reinterrogate an accused in custody if he has clearly asserted his right to counsel,” it concludes that “[ajbsent such interrogation .. . there would be no occasion to determine whether there had been a valid waiver.” - U.S. at -, 101 S.Ct. 1885, 68 L.Ed.2d at 387. The officer’s comment in the circumstances of the case before us may therefore be regarded as an off-hand remark or rhetorical admonition not calculated or reasonably likely to elicit an incriminating response even if, as required by Innis, we focus primarily upon “the perceptions of the suspect rather than the intent of the police.” 446 U.S. at 301, 100 S.Ct. at 1690, 64 L.Ed.2d at 308.
Affirmed.
BOOTH and SHAW, JJ., concur.