SANDERLIN, Judge.
Appellant challenges the trial court’s denial of his motion to suppress statements. We reverse.
Appellant was charged with possession of a controlled substance, in violation of section 893.13, Florida Statutes (1985). Thereafter, he filed a motion to suppress statements. At the hearing on the motion, the following evidence was presented.
Thompson, a corrections officer at Fort Myers Correctional Center, testified that on November 13, 1985, he noticed appellant had recently received a paycheck, but had not turned it in, as required. Thompson and Brumley, another corrections officer, went to appellant’s room, where he was asleep. They told appellant that they were going to search his room. Appellant indicated that his locker was # C. Brumley found a “Coffee-Mate” jar which appeared to have American currency in it. Thompson and Brumley then took appellant to Thompson’s office.
Once in the office, Thompson opened the jar and found three twenty dollar bills, a small manila envelope, and a clear plastic baggie. Inside both the envelope and baggie was a green, leafy substance, which Thompson tentatively identified as marijuana. Brumley then asked appellant who owned the “dope.” Appellant responded that he did not know who owned it, and that he had never seen it before. He was not asked to whom the money belonged. Because appellant’s locker was unlocked and opened, and anyone had access to it, the officers believed appellant’s denial of the drugs. Thompson testified that he then told appellant:
[Wjell, then if the dope is not yours[,] then the money obviously is not yours either, then the dope, we’re just going to dispose of it, and the money will be placed into the inmates’ welfare trust fund.
Appellant immediately responded that the money was his, that the officers could destroy the drugs if they wanted to, but that he wanted the money put into his account. Thompson then read appellant his Miranda [1] rights, and no further questioning occurred.
At the end of the hearing, the trial court denied appellant’s motion to suppress. Thereafter, appellant pleaded no contest to the charges, reserving his right to appeal the denial of his motion to suppress. The trial court placed appellant on five years probation, with the condition that he serve 109 days in jail. This timely appeal followed.
Despite the state’s arguments to the contrary, the record reveals that once appellant was in Thompson’s office, he was not free to leave until the officers released him. As such, appellant should have been read his Miranda rights once the officer opened the jar and found a substance which, because of his experience, he believed to be marijuana. See Young v. State, 234 So.2d 341 (Fla.1970) (citing Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968)). Further, we do not agree with the state’s contention that Officer Thompson’s statements, following appellant’s initial denial of ownership of the marijuana, should be “regarded as an off-hand remark or rhetorical *1138 admonition not calculated or reasonably likely to elicit an incriminating re-sponse_” Herron v. State, 404 So.2d 823, 824 (Fla. 1st DCA 1981). When focusing “primarily upon ‘the perceptions of the suspect rather than the intent of the police’,” id. (citing Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 1690, 64 L.Ed.2d 297 (1980)), we conclude that Officer Thompson’s statements were reasonably likely to elicit an incriminating response from appellant. Accordingly, the trial court erred in denying appellant’s motion to suppress statements.
Because the state stipulated that the motion to suppress was dispositive, we reverse appellant’s judgment and sentence, and remand to the trial court with directions to dismiss this charge.
CAMPBELL, A.C.J., and THREADGILL, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).